UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                    :
WAJID KAHLIL AL-QADAFFI,          :
                    :
            Plaintiff,    :
                    :  **MEMORANDUM DECISION AND**
       - against -              :  **ORDER**
                    :
NEW YORK CITY POLICE            :  16-CV-05422 (BMC)(RLM)
DEPARTMENT; CITY OF NEW YORK; :
NEW YORK CITY POLICE OFFICER  :
MOLINA, SHIELD #953123,        :
                    :
            Defendants.  :
                    :
----------------------------------------------------------------- X

**COGAN**, District Judge.

        Plaintiff *pro se* Wajid Kahlil Al-Qadaffi brings this action against the New York Police Department ("NYPD"), the City of New York, and NYPD Officer Molina ("Officer Molina"), pursuant to 42 U.S.C. § 1983, for alleged deprivations of his civil rights. Plaintiff alleges that he was stopped by the police based solely on racial profiling, not on reasonable suspicion of criminal activity, and issued a summons for an open container. Liberally construing the complaint, plaintiff alleges (1) unlawful detention in violation of the Fourth Amendment to the United States Constitution,[1] (2) equal protection violations,[2] (3) municipal liability under Monell v. Department of Social Services, 436 U.S. 658 (1978), and (4) intentional and negligent infliction of emotional distress under state law.

---

[1] Plaintiff alleges "false arrest," but because he was not arrested, only ticketed, the Court construes the claim as one for unlawful detention.

[2] To make out a selective enforcement claim under the Equal Protection Clause of the Fourteenth Amendment, a plaintiff must allege facts showing: "(1) [that] he was treated differently than others similarly situated and (2) that such selective treatment was based on impermissible considerations such as race, religion, intent to inhibit or punish the exercise of constitutional rights, or malicious or bad faith intent to injure a person." Five Borough Bicycle Club v. City of New York, 684 F.Supp.2d 423, 438 (S.D.N.Y. 2010) (citing Freedom Holdings Inc. v. Spitzer, 357 F.3d 205, 234 (2d Cir. 2004)) (internal quotations omitted).

Plaintiff's request to proceed *in forma pauperis* is granted pursuant to 28 U.S.C. § 1915, and the claims against defendants the NYPD and the City of New York are dismissed. The claims against Officer Molina may proceed.

## STANDARD OF REVIEW

Under 28 U.S.C. § 1915, a district court shall dismiss an *in forma pauperis* action where it is satisfied that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The Court construes plaintiff's *pro se* pleadings liberally, particularly where they allege civil rights violations. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Sealed Plaintiff v. Sealed Defendant #1, 537 F.3d 185, 191-92 (2d Cir. 2008).

Although courts must read *pro se* complaints with "special solicitude" and interpret them to raise the "strongest arguments that they suggest," Triestman v. Fed. Bureau of Prisons, 470 F.3d 471, 475-76 (2d Cir. 2006) (internal quotation marks omitted), the complaint must nonetheless plead "enough facts to state a claim to relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citation omitted). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation' of the elements of a cause of action will not do." Id. (quoting Twombly, 550 U.S. at 555).

## FACTUAL BACKGROUND

The following facts are drawn from plaintiff's complaint, the allegations of which are assumed to be true for purposes of this Memorandum Decision and Order. On December 15, 2015, at approximately 12:30 p.m., plaintiff was "lawfully walking" near Washington Avenue in Brooklyn, New York, "carr[y]ing an item that was completely wrapped in a 'black colored' plastic bag with the contents totally obscured from identification, with a straw protruding and him 'sipping,'" when he was stopped by defendant Officer Molina. Officer Molina asked plaintiff if there was beer in the can, to which plaintiff replied, "No disrespect officer but I do not want to engage with your questions and would like to continue to my destination."

Plaintiff alleges that Officer Molina would not allow plaintiff to continue walking, that Officer Molina told him that he would be arrested if he walked on, and that Officer Molina "coerced [plaintiff] into opening the black bag." During this conversation, plaintiff told Officer Molina that he was being stopped because he was black, that the police never stopped white males or females under similar circumstances, and that he was "tired of being stop[p]ed by the NYPD and was going to sue." Officer Molina then summoned his partner and told him to watch plaintiff while he went to his police car and returned with a ticket, even though, according to plaintiff, the can inside was "non-alcoholic beer." The complaint does not provide the charge on the summons, but it states that it was for possession of alcohol in an open container.[3] The

---

[3] Under New York City Administrative Code § 10-125, "[n]o person shall drink or consume an alcoholic beverage, or possess, with intent to drink or consume, an open container containing an alcoholic beverage in any public place except at a block party" or similar function. N.Y.C. Admin. Code § 10-125(b). A rebuttable presumption that a person is in violation of that section arises when a person possesses an open container containing an alcoholic beverage in a public place. Id. § 10-125(c). Open container violations are arrestable offenses, and under New York law, whether probable cause to arrest someone for an open container violation exists "depends on the totality of circumstances at the time of the defendant's arrest, 'which takes into account the realities of everyday life unfolding before a trained officer who has to confront, on a daily basis, similar incidents.'" United States v. Davis, 111 F.Supp.3d 323, 332-333 (E.D.N.Y. 2015) (citations omitted). Under New York state law, an alcoholic beverage is

3

complaint is also silent as to the resolution of the summons.[4]

## DISCUSSION

Section 1983 "is not itself a source of substantive rights, but a method for vindicating federal rights elsewhere conferred by those parts of the United States Constitution and federal statutes that it describes." Baker v. McCollan, 443 U.S. 137, 144 n.3 (1979). Section 1983 provides, in pertinent part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for seeking redress.

42 U.S.C. § 1983. In order to maintain a § 1983 action, a plaintiff must allege that both the conduct complained of was "committed by a person acting under color of state law" and that the conduct "deprived [plaintiff] of rights, privileges or immunities secured by the Constitution or laws of the United States." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994).

### A. New York Police Department

Plaintiff names the NYPD as a defendant to this action. The NYPD is a non-suable agency of the City. Jenkins v. City of New York, 478 F.3d 76, 93 n.19 (2d Cir. 2007) (citing Wray v. City of New York, 340 F. Supp. 2d 291, 303 (E.D.N.Y. 2004); see also N.Y.C. Charter § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except were otherwise provided by law.")). Therefore, the § 1983 claim against the NYPD is dismissed for

---

defined as "[a]ny liquid intended for human consumption containing more than one-half of one percent (.005) of alcohol by volume." N.Y.S. Admin. Code § 10-125(a)(1).

[4] To the extent plaintiff seeks damages or declaratory relief, if plaintiff was found guilty of the offense with which he was charged, his § 1983 claims may be barred by the favorable termination rule of Heck v. Humphrey, 512 U.S. 477 (1994), and Edwards v. Balisok, 520 U.S. 641 (1997).

failure to state a claim upon which relief can be granted. 28 U.S. C. § 1915(e)(2)(B)(ii).

## B. The City of New York

Plaintiff also names the City of New York. A municipal entity, like the City of New York, may be liable under § 1983 if the plaintiff's alleged constitutional violations are caused by the entity's "policy or custom." Monell, 436 U.S. at 694; accord Vann v. City of New York, 72 F.3d 1040, 1049 (2d Cir. 1995). The municipality need not have an overtly unconstitutional policy, and a claim may lie where a municipality has been alerted to an unconstitutional practice and then displayed deliberate indifference. See, e.g., Fiacco v. City of Rensselaer, 783 F.2d 319, 324 (2d Cir. 1986). Therefore, "to prevail on a claim against a municipality under § 1983 based on acts of a public official, a plaintiff is required to prove: (1) actions taken under color of law; (2) deprivation of a constitutional or statutory right; (3) causation; (4) damages; and (5) that an official policy of the municipality caused the constitutional injury." Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). The fifth element reflects the principle that "a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." Bd. of Cnty. Comm'rs of Bryan Cty., Okl. v. Brown, 520 U.S. 397, 403 (1997). In other words, a municipality may not be held liable under § 1983 "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986) (plurality opinion). Rather, there must be a "direct causal link between a municipal policy or custom and the alleged constitutional deprivation." City of Canton v. Harris, 489 U.S. 378, 385 (1989).

Plaintiff has failed to allege any facts that would support an inference that an official policy or custom of the City of New York caused a violation of his federally protected rights. Plaintiff's assertion that Officer Molina "had never detained a white male or female under similar circumstances" does not rise to this standard. Accordingly, the § 1983 claim against the

City of New York is dismissed for failure to state a claim on which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

### C. Officer Molina

Accepting the facts in plaintiff's complaint as true, plaintiff's claims against Officer Molina may proceed with respect to Officer Molina's actions after plaintiff showed him the can in the plastic bag, but not with respect to the initiation of the stop. As to the initiation of the stop, the facts pleaded in the complaint demonstrate that Officer Molina had probable cause to stop plaintiff. According to plaintiff himself, Officer Molina viewed plaintiff drinking a beverage that was contained in a black plastic bag, which obscured the contents; as a matter of law, that was sufficient for Officer Molina to initiate a brief stop of plaintiff because "the concealment of the [beverage] suggested that it was an alcoholic beverage" and plaintiff's admitted "sipping" "suggested that the bottle was not empty." Peterec v. City of New York, No. 14-CV-309, 2015 WL 1027367, at *3 (S.D.N.Y. Mar. 6, 2015); (quoting People v. Bothwell, 261 A.D,2d 232 (App. Div. 1st Dep't 1999) (describing what constitutes probable cause to arrest someone under the City's open container law)). "[P]ersons drinking non-alcoholic beverages have little reason to conceal them in [black plastic] bags." United States v. Singletary, 798 F.3d 55, 60-61 (2d Cir. 2015).

Because plaintiff alleges that he was drinking from a can of non-alcoholic beer and because Officer Molina viewed the can, plaintiff's claims against Officer Molina for what transpired before that may not proceed, but the claims arising for what happened after may proceed.

## CONCLUSION

The plaintiff's claims against the NYPD and the City of New York are dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). No summons shall issue as to these defendants. However, the claims against Officer Molina may proceed as provided in this Order. The Clerk of the Court is directed to issue a summons against this defendant, and the United States Marshals Service is directed to serve the complaint and this Order on the defendant without prepayment of fees. A copy of this Order shall be served on the New York City Law Department. The case is referred to the Honorable Roanne L. Mann, United States Magistrate Judge, for pretrial supervision.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Digitally signed by Brian M. Cogan
_____
U.S.D.J.

Dated: Brooklyn, New York
October 13, 2016